Daniel Watts, Esq., SBN 277861
**G10 Galuppo Law**
A Professional Law Corporation
2792 Gateway Road, Suite 102
Carlsbad, California 92009
Phone: (760) 431-4575
Fax:   (760) 431-4579

Attorneys for Defendant YM Holdings, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **YM Holdings, LLC,** a Kansas Limited Liability Company; et. al., <br><br> Defendants. | Case No. 3:18-cv-01114-JLS-KSC <br><br> **Memorandum ISO G10 Galuppo Law's Motion to Withdraw as Counsel for Defendant YM Holdings, LLC.** <br><br> S.D. Cal. Civ. L.R. 83.3(f)(3) and 83.4, Cal. Rules of Professional Conduct 1.6 and 1.16 <br><br> **NO ORAL ARGUMENT OR HEARING UNLESS REQUESTED BY COURT** <br><br> Case filed: May 30, 2018 <br><br> Judge: Hon. Judge Janis L. Sammartino |

## Introduction and Summary

Because of a failure to pay legal fees and an irreconcilable breakdown in the attorney-client relationship, G10 Galuppo Law ("Movant") moves to withdraw as counsel for Defendant YM Holdings, LLC ("YMH"). The Movant has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of YMH. The parties have not commenced discovery and there are no deadlines approaching. The case is essentially on hold while the parties wait for the court to rule on a motion to dismiss, so a withdrawal will not harm YMH.

Movant properly served YMH and the Plaintiff with papers in support of this motion, including the required declaration. Since Movant satisfied its obligations under the Local Civil Rules and the California Rules of Professional Conduct, Movant respectfully requests this court permit Movant to withdraw as counsel for YMH.

## Discussion

Civil Local Rule 83.3(f)(3)(a) permits the withdrawal of counsel upon service of a notice of motion on the adverse party and on the moving attorney's client. Civil Local Rule 83.3(f)(3)(b) also requires that the moving party file a declaration pertaining to such service. Here, the Movant properly served the Plaintiff and YMH as required, as explained in the supporting declaration of Daniel Watts.

Civil Local Rule 83.4 requires attorneys to comply with the standards of professional conduct required of members of the State Bar of California. Rule 1.16(b)(5) of the California Rules of Professional Conduct permits a lawyer to withdraw as counsel when the client breaches an obligation to the lawyer and the lawyer gives reasonable warning that he will withdraw unless the client fulfills the obligation. An attorney may also withdraw when there has been an irreconcilable breakdown in the attorney-client relationship, according to Rule 1.6 of the California Rules of Professional Conduct. Motions to withdraw as counsel may also be based on a client's failure to pay attorneys' fees in a

manner agreed to by the attorney and client. CA State Bar Rule 1.16(b)(5). In *St. Matthews Baptist Church of Livermore, Inc. v. Found. Capital Res., Inc.*, 2015 WL 527669, at *2 (N.D. Cal. Feb. 6, 2015), the court granted a motion to withdraw when the client failed to pay fees for over six months and counsel gave ample notice of its intention to withdraw.

Here, YMH materially breached its representation agreement with Movant by failing to pay its attorneys since August 2018. Decl. Daniel Watts ¶¶4-6. Movant gave YMH written requests for payment of the outstanding invoices and warned that Movant would have to withdraw if they were not paid. YMH responded by firing Movant. *Id*. ¶4. Movant recommended that YMH retain new counsel, but YMH has not done so. *Id*. Movant will release to YMH or its new attorneys, at the request of YMH, all YMH materials and property and any work product created for YMH by Movant.

This is the best possible time to withdraw. The parties have not started discovery and there are no scheduled deadlines, which means the Movant's withdrawal will not prejudice YMH.

This motion and supporting documents have been served on YMH in accordance with the local rules. Decl. Watts ¶7.

## CONCLUSION

Movant has satisfied prerequisites to withdraw as counsel, in accordance with the Local Civil Rules and the California Rules of Professional Conduct. This court should grant the proposed order and allow Movant to withdraw as counsel for YMH.

Dated: April 2, 2019          **G10 GALUPPO LAW**
                              **A Professional Law Corporation**


                              By: /s/Daniel Watts
                                   DANIEL WATTS
                                   Attorneys for YM Holdings, LLC

2