UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                    Plaintiff,<br><br>v.<br><br>YM HOLDINGS, LLC, a Kansas Limited Liability Company, DONG SOO LEE, SUIJIN LEE, and DOES 1-10,<br><br>                    Defendants. | Case No.: 18-CV-1114 JLS (KSC)<br><br>**ORDER (1) GRANTING MOTION TO WITHDRAW AS COUNSEL; AND (2) DEFERRING RULING ON MOTION TO DISMISS**<br><br>(ECF Nos. 7, 14) |

      Presently before the Court is Defendants' counsel G10 Galuppo Law's Motion to Withdraw as Counsel for Defendant YM Holdings, LLC ("Mot.," ECF No. 14). No party has responded to the Motion. After considering Gallupo Law's arguments and the law, the Court **GRANTS** the Motion to Withdraw as Counsel.

      "An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at \*2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal

may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

Pursuant to Civil Local Rule 83.4(b), each attorney "permitted to practice in this court shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 83.4(b). In relevant part, California Rule of Professional Conduct 3-700 provides:

(A) In General.

> (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

> (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [concerning the return of client papers and property and the refund of any advance fees not earned], and complying with applicable laws and rules.

. . .

(C) Permissive Withdrawal.

. . . [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

> . . .

> (5) The client knowingly and freely assents to termination of the employment; or

> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

///

| | |
|---|---|
| 1 | Pursuant to this District's Civil Local Rules, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(g)(3)(a). |

Pursuant to this District's Civil Local Rules, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(g)(3)(a).

Galuppo Law moves to withdraw because YM Holdings fired them as counsel after failing to pay attorney's fees according to their attorney client agreement. Mot. at 2–3. According to Galuppo Law, YM Holdings failed to pay its invoices since August 2018. *Id.* at 3. After notifying their client in writing about the outstanding invoices and warning them that failure to pay could result in them withdrawing, Galluppo Law states that on March 20, 2019, YM Holdings fired them as counsel. *Id.*; Declaration of Daniel Watts ¶ 4, ECF No. 14-2. Galuppo Law states that it recommended YM Holdings retain new counsel, but that YM Holdings has not done so yet. Mot. at 3. Galluppo Law also states that YM Holdings will not be prejudiced in this case because "the parties have not started discovery and there are no scheduled deadlines." *Id.*

Good cause appearing, the Court **GRANTS** G10 Galuppo Law's Motion to Withdraw as Counsel (ECF No. 14). The Clerk of Court **SHALL** update the docket to reflect the withdrawal of G10 Galuppo Law as counsel for YM Holdings, LLC in this case.

Because the Court has granted the Motion to Withdraw, YM Holdings is not currently represented by counsel. "Corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Accordingly, the Court hereby **NOTIFIES** YM Holdings that it has <u>45 days from the date of this Order</u> to obtain new counsel and have counsel file a notice of appearance. <u>The Court will enter default judgment against YM Holdings if it fails to obtain new counsel</u> and have counsel file a notice of appearance within 45 days from the date of this Order. *See United States v. High Country Broad. Co.,*

///
///
///
///

*Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Until YM Holdings obtains new counsel, the Court **DEFERS RULING** on Defendant YM Holdings' Motion to Dismiss (ECF No. 7).

  **IT IS SO ORDERED.**

Dated: June 13, 2019

                   Hon. Janis L. Sammartino
                   United States District Judge