UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                     Plaintiff,<br><br>v.<br><br>YM HOLDINGS, LLC; DONG SOO LEE; SUJIN LEE; AND DOES 1-10,<br><br>                    Defendants. | Case No.: 18-CV-1114 JLS (KSC)<br><br>**ORDER GRANTING YM HOLDINGS, LLC'S MOTION TO DISMISS**<br><br>(ECF No. 7) |

Presently before the Court are Defendant YM Holdings, LLC's Motion to Dismiss Plaintiff's Complaint, ("Mot.," ECF No. 7), and Plaintiff's Opposition to Defendant's Motion. ("Opp'n," ECF No. 12). The Court decides this matter without oral argument, pursuant to Civil Local Rule 7.1(d)(1). After reviewing Plaintiff's Complaint, Defendant's Motion, and Plaintiff's Opposition, the Court finds that Plaintiff lacks Article III standing. Accordingly, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff is a paraplegic and uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Defendant YM owns the real property located at 4706 Ruffner Street, San Diego, California, and owned the property in September 2017. *Id.* ¶ 2–3. Color Print & Signs is a public business establishment located at 4706 Ruffner Street. *Id.* ¶ 10.

In September 2017, Plaintiff went to Color Print & Signs to place a printing order. *Id.* ¶ 10–11. Plaintiff alleges that there were no accessible parking spots reserved for persons with disabilities that served Color Print & Signs. *Id.* ¶ 14. He alleges that "[t]his inaccessible parking lot denied [him] full and equal access and caused him difficulty, discomfort, and embarrassment." *Id.* ¶ 21. Plaintiff also alleges that the path of travel to the accessible entrance of Color Print & Signs required, and still requires, use of a ramp with a slope greater than 8.33%. *Id.* ¶¶ 23–24. Plaintiff "did not personally confront th[is] barrier," but is aware of it based "on information and belief." *Id.* ¶ 24. Plaintiff alleges that these barriers have deterred him from returning to Color Print & Signs. *Id.* ¶ 26.

Plaintiff filed his Complaint against Defendant YM and the owners of Color Print & Signs, Dong Soo Lee and Sujin Lee,[1] on May 30, 2018. *Id.* ¶¶ 4–5. Plaintiff alleges the lack of accessible parking and path of travel to an accessible entrance violates the Americans with Disabilities Act ("ADA"), *see id.* ¶¶ 32–40, as well as the Unruh Civil Rights Act ("Unruh"). *Id.* ¶¶ 41–44.

Defendant YM filed the present Motion to Dismiss on September 25, 2018. *See generally* Mot. Plaintiff filed his Opposition on November 8, 2018. *See generally* Opp'n. After filing its Opposition, Defendant YM's counsel requested to withdraw. ECF No. 14. The Court granted the request. ECF No. 15. Because Defendant is a corporation and must appear through counsel, the Court ordered Defendant YM to obtain new counsel before it moved forward with the case. *Id.* at 3. New counsel has now appeared on behalf of Defendant; *see* ECF No. 16; therefore, the Court now addresses the Motion to Dismiss.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Because the issue of standing pertains to the subject-

---

[1] On October 12, 2018, default was entered against Defendants Dong Soo Lee and Sujin Lee. *See* ECF Nos. 10, 11.

matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The plaintiff bears the burden of establishing he has standing to bring the claims asserted. *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996); *see also In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction.").

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, Defendant's challenge is facial because it disputes whether Plaintiff's alleged harm is sufficiently particularized to confer Article III standing. *See* Motion at 5–7. Accordingly, the Court will assume the truth of Plaintiff's factual allegations, and draw all reasonable inferences in favor of Plaintiff. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005); *Safe Air for Everyone*, 373 F.3d at 1039.

## DISCUSSION

In its Motion, Defendant YM asserts that Plaintiff lacks standing because he does not state facts showing redressability, causation, or injury-in-fact. *See* Motion at 5–7. Defendant also asserts that Plaintiff failed to state a claim under the ADA because he has not pled sufficient facts. *See id.* at 8–11. Lastly, Defendant asserts that the Court should decline to exercise supplemental jurisdiction over the state law claim. *See id.* at 11–13. The Court addresses the threshold issue of standing first.

To establish Article III standing, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be

redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). The plaintiff bears the burden of establishing each element of standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Where a plaintiff seeks only declaratory and injunctive relief, he must show "a very significant possibility of future harm," not merely the existence of a past injury. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Under the ADA, a plaintiff can only seek injunctive relief. *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017). "An ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). An ADA plaintiff cannot establish standing by alleging an injury "based only on conclusory statements unsupported by specific facts." *Barnes*, 2017 WL 635474, at *7.

In the present case, Plaintiff alleges he personally experienced the lack of accessible parking, *see* Compl. ¶ 20, but did not experience the lack of accessible pathway. *See id.* ¶ 24. Further, Plaintiff asserts he "plans to return and patronize Color Print & Signs but is deterred from visiting until the defendants remove the barriers." *Id.* ¶ 26. It is therefore unclear from the language of the Complaint whether Plaintiff seeks to establish standing based on injury-in-fact and an intent to return or deterrence. Regardless, the Court finds that, under either theory, Plaintiff does not include sufficient factual details to establish a genuine intent to return to the store and, thus, a likelihood of future harm.

An ADA Plaintiff may establish a likelihood of future harm by "demonstrating an intent to return to a noncompliant accommodation." *Chapman*, 631 F.3d at 949. When evaluating whether the intent to return is genuine, "a court must engage in a fact-intensive inquiry to determine whether the plaintiff . . . would return to the establishment if the establishment were compliant with the ADA." *Vogel v. Salazar*, No. SACV 14-00853-

CJC (DMFx), 2014 WL 5427531, at *2 (C.D. Cal. Dec. 9, 2014). "'[S]ome day' intentions [to return to a noncompliant facility] . . . are insufficient to establish standing." *Barnes*, 2017 WL 635474, at *7. An ADA plaintiff therefore "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

Here, Plaintiff asserts that he is "deterred from visiting [Color Print & Signs]," Compl. ¶ 26, and "will return to the business to assess ongoing compliance with the ADA and will return to patronize Color Print & Signs as a customer once the barriers are removed." *See* Compl. ¶ 30. Regarding Plaintiff's intent to return as a customer, the Court finds Plaintiff's allegations are not sufficient to confer standing. Unlike cases in which courts typically find a genuine intent to return, plaintiff has not pled specific facts evidencing a genuine desire to return to the subject property. *Compare, e.g.*, *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008) (holding plaintiff had standing where he alleged he had visited a store on ten to twenty prior occasions, the store was near his favorite fast food restaurant in Anaheim, he visited Anaheim at least once a year, and he was deterred from visiting the store because of accessibility barriers), *and Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000) (finding future injury likely where plaintiff lived close to the restaurant, enjoyed the taste of a restaurant's food, had visited other restaurants in the chain, and intended to visit the restaurant in the future), *with Vogel*, 2014 WL 5427531, at *2 (plaintiff lacked standing where he "merely attest[ed] that because of 'physical and intangible' barriers, he has been 'deterred' and 'continues to be deterred from visiting the Restaurant'"). For example, Plaintiff gives no reasons why he would patronize Color Print & Signs, rather than neighboring businesses offering similar services, even though he alleges he "was able to place his printing order at another business nearby." Compl. ¶ 22. Indeed, Plaintiff offers no factual details showing an intent to patronize the store in the first instance, making his allegation wholly conclusory. *Cf. Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (finding standing where plaintiff alleged a preference to shop at defendant's grocery stores over

other grocery chains).  Given the conclusory nature of Plaintiff's allegations, the Court finds that Plaintiff has not demonstrated a genuine intent to return as a customer.

Plaintiff contends that even if he has not shown an intent to return as a customer, he may still show what is known as "tester standing."  *See* Opp'n at 13–14.  Plaintiff relies on *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust*, pointing to its holding that an ADA plaintiff can claim "tester standing" even when the plaintiff's only motivation to visit a property is to test for ADA compliance.  *See* 867 F.3d 1093, 1099–1102 (9th Cir. 2017) ("*CREEC*").  Plaintiff, however, misconstrues the extent of that holding's effect.  Regardless of Plaintiff's motivation, "tester status, alone, is not enough to confer standing."  *See Johnson v. Alhambra & O Assocs.*, No. 2:19-CV-00103-JAM-DB, 2019 WL 2577306, at *3 (E.D. Cal. June 24, 2019) (discussing ADA standing under *CREEC*, 867 F.3d 1093).  Thus, even if Plaintiff is alleging tester standing, he must still show an "intent to visit [Color & Signs] once they provide [accessible parking and an accessible pathway] for the disabled . . . ."  *See CREEC*, 867 F.3d at 1099.  Indeed, the Ninth Circuit implied that even when tester standing is alleged, district courts must make a "case-by-case" determination of whether a plaintiff's injury is imminent, including "whether a plaintiff suing under the ADA . . . was likely to actually visit" the complained of business.  *See id.* at 1100 (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013) (noting various factors to determine whether a plaintiff had intent to return, "including prior visits, proximity of residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits'")).

As with Plaintiff's motivation to return as a customer, the Court finds Plaintiff's intent to return as a tester to be lacking.  Plaintiff gives no specific reason to visit Color Print & Signs, even for the sole purpose of assessing compliance.  *Cf. Houston*, 733 F.3d at 1336 (finding ADA tester was likely to return to noncompliant business because it was located near the plaintiff's lawyer's office, and plaintiff intended to visit the office "in the near future").  Notably, while Plaintiff asserts that he is a California resident, Compl. ¶ 1, he does not state where in California he lives, making it impossible for the Court to

determine whether his proximity to the business makes it likely he will "return to the business to assess ongoing compliance with the ADA." *Id.* ¶ 30; *see D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (noting that where a plaintiff's home is far from the public accommodation, he must "demonstrate[] an intent to return to the geographic area where the accommodation is located").  Because Plaintiff has not alleged a sufficient intent to return, the Court finds that Plaintiff has failed to allege standing.

Having found that Plaintiff lacks standing to pursue his ADA claims, the court declines to exercise supplement jurisdiction over Plaintiff's Unruh Claims.  *See, e.g.*, *Barnes*, 2017 WL 635474, at *13 (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over remaining state law claim after dismissing ADA claim for lack of standing).

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for lack of standing.  Plaintiff may file an amended complaint <u>within 30 days of the date that this Order is electronically docketed</u>.

**IT IS SO ORDERED.**

Dated:  June 29, 2020

Hon. Janis L. Sammartino
United States District Judge