UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                          Plaintiff,<br><br>v.<br><br>YM HOLDINGS, LLC; DONG SOO LEE; SUJIN LEE; AND DOES 1-10,<br><br>                        Defendants. | Case No.: 18-CV-1114 JLS (KSC)<br><br>**ORDER GRANTING DEFENDANT YM HOLDINGS, LLC'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 21) |

      Presently before the Court is Defendant YM Holdings, LLC's Motion to Dismiss Plaintiff's First Amended Complaint, ("Mot.," ECF No. 21). Plaintiff has not filed an opposition to the Motion.

      The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule does allow the Court to grant the Motion: Civil Local Rule 7.1.f.3.c. provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." An opposition must be filed 14 days prior to the noticed hearing. S.D. Cal. Civ.

R. 7.1.e.2. The hearing for the present Motion was set for September 24, 2020 at 1:30 p.m., thus any opposition was due on September 10, 2020.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Defendant's Motion contains a proof of service indicating that Plaintiff was served with the Motion. (*See* ECF No. 21-8.) Additionally, Plaintiff requested the Clerk of the Court enter default in this matter against Defendants Dong Soo Lee and Sujin Lee, (*see* ECF Nos. 24, 25), so Plaintiff is showing an intention to participate in this lawsuit after Defendant YM Holdings, LLC's filed its Motion to Dismiss. Plaintiff has not provided any excuse for his failure to timely file an opposition to the present Motion. Further, Plaintiff is represented by an attorney and nonetheless has failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. Appx. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition). The Court cannot continue waiting for Plaintiff to take action.

As to the third factor, the Court finds no risk of prejudice to Defendant if it dismisses Defendant from this matter. In fact, Defendant has requested the dismissal. This factor

weighs in favor of dismissal. As for the fifth factor, where the plaintiff does not oppose dismissal it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). On September 18, 2020, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. (ECF No. 28.) Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal.

Finding that the *Ghazali* factors weigh in favor of granting Defendant's Motion to Dismiss as unopposed, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant YM Holdings, LLC. The Clerk **SHALL** remove Defendant YM Holdings, LLC from the docket.

**IT IS SO ORDERED.**

Dated: January 14, 2021

Hon. Janis L. Sammartino
United States District Judge